IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY TALLEY,

                Plaintiff,

v.

MICHAEL DITTMAN, DAVID MELBY,
and KARL HOFFMAN,

                Defendants.

ORDER

14-cv-783-jdp

---

    Pro se plaintiff Timothy Talley, an inmate at the Columbia Correctional Institution, filed this proposed civil action in the Columbia County Circuit Court. The case was then removed to this court by defendants Michael Dittman, David Melby, and Karl Hoffman. Defendants state that this case is removable because plaintiff raises constitutional claims of deliberate indifference to his severe back pain. I agree that plaintiff's constitutional claims make this case removable. *See* 28 U.S.C. § 1441(c).

    Usually the next step would be for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. However, plaintiff has filed a motion "to stay screening and for order allowing amendment of filing due to removal of action," Dkt. 5, arguing that the operative pleading, titled "Notice of Motion and Amended Motion for Restraining Order," Dkt. 1, "does not comply with current Western District Rules . . . [and was] written for use in the Wisconsin State Courts . . ., not written for use in the U.S. District Court." I am not convinced that there are any fatal problems with the pleading as written, but there is little reason to deny plaintiff's request, so I will give him a chance to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2)

(court should "freely give leave [to amend] when justice so requires"). I will attach a copy of the court's form prisoner complaint to this order.

The remaining issue is plaintiff's request for injunctive relief. As the title of his operative pleading suggests, plaintiff seeks a restraining order forcing defendants to provide different treatment for his back. Even if I were to consider this as a properly filed motion for temporary restraining order under Federal Rule of Civil Procedure 65(b), plaintiff falls far short of showing that this is one of the extremely rare situations in which the court would issue an ex parte restraining order *changing* the status quo of a prisoner's treatment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 442, 439 (1974) "issuance of temporary restraining orders is generally "restricted to . . . *preserving* the status quo." (emphasis added); *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1979) (While "there may be situations justifying a mandatory temporary injunction compelling the defendant to take affirmative action, . . . mandatory preliminary writs are ordinarily cautiously viewed and sparingly issued.")

I will, however, consider his request as a motion for preliminary injunctive relief and give plaintiff a chance to submit a brief, proposed findings of fact, and supporting evidence in compliance with this court's "Procedure to be Followed on Motions for Injunctive Relief," a copy of which I will attach to this order. After plaintiff submits his amended complaint and preliminary injunction materials, I will set dates for defendants to respond.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Talley's motion for leave to amend his complaint, Dkt. 5, is GRANTED. Plaintiff may have until December 29, 2014 to submit his proposed amended complaint.

2. Plaintiff may have until December 29, 2014 to submit a brief, proposed findings

of fact, and evidence in support of his motion for preliminary injunctive relief.

Entered this 10th day of December, 2014.

                                       BY THE COURT:

                                       /s/
                                       JAMES D. PETERSON
                                       District Judge