IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY TALLEY,

                Plaintiff,

v.

MICHAEL DITTMAN, DAVID MELBY,
and KARL HOFFMAN,

                Defendant.

OPINION & ORDER

14-cv-783-jdp

---

*Pro se* plaintiff Timothy Talley, an inmate at the Columbia Correctional Institution (CCI), filed this proposed civil action in the Columbia County Circuit Court regarding prison staff members' deliberate indifference to his pain and physical condition following back surgery. The case was removed to this court by defendants Michael Dittman, David Melby, and Karl Hoffman. Plaintiff asked for leave to submit an amended complaint, which I granted. Dkt. 7. Plaintiff's new complaint adds several new defendants as well as claims regarding the negligent provision of medications at CCI. I conclude that plaintiff's amended complaint violates Rule 20 of the Federal Rules of Civil Procedure by joining several claims together that do not belong in the same lawsuit. Accordingly, I will give him the opportunity to choose which claims he wishes to pursue under this case number, and to decide whether he wishes to bring his other claims in a second lawsuit. I will also deny his motions for preliminary injunctive relief for failure to comply with this court's procedures.

ALLEGATIONS OF FACT

Plaintiff alleges that on at least two occasions in late 2011 and early 2012, he received the incorrect medication from defendants Correctional Officer Cooper and Sergeant Kyburz,

leading to plaintiff vomiting and suffering other severe symptoms. Plaintiff believes that these mistakes are widespread at CCI and are caused by a prison policy allowing medication to be passed out by correctional officers rather than medical professionals. This problem has been raised to higher level officials at the prison and at the Department of Corrections, but they have done nothing to fix it.

Plaintiff also alleges that in November 2012, he underwent spinal fusion surgery. Upon his return to CCI, various prison staff members (although not defendants Cooper and Kyburz), have denied him prescribed pain medication, have failed to accommodate his physical disabilities, have failed to treat him for depression caused by his extreme pain, and will not approve further surgery. They have also placed plaintiff in general population with gang members who have threatened him.

ANALYSIS

Plaintiff has alleged several constitutional violations as well as possible state law negligence claims. However, he cannot proceed on all of his claims in this lawsuit because they are not sufficiently closely related to each other. Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants in the same lawsuit. Defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). Plaintiff's claims against defendants Cooper, Kyburz, and various supervisory officials for errors in distribution of medication involve acts of alleged wrongdoing that are separate from his claims against various medical and supervisory officials for their treatment of plaintiff following his surgery.

Therefore, I will dismiss the amended complaint, at least as it is presently structured. At this point, plaintiff need not submit a new amended complaint, but he will have to choose which set of claims he would like to pursue in this lawsuit. After plaintiff has informed the court of his choice, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and will screen the claims he has chosen. If plaintiff also wishes to proceed on the set of claims he does not choose for this lawsuit, he should inform the court of that fact, but he will then owe the court a separate filing fee for the second lawsuit.

Plaintiff also seeks injunctive relief regarding the provision of his medication and his treatment for his back injury. *See* Dkt. 1, 6. Plaintiff has now submitted a large stack of unnumbered health records and prison grievance documents in support of his motions, but he has not followed this court's procedures for briefing motions for injunctive relief, as previously instructed by the court. *See* Dkt. 7, at 2. Specifically, he has not submitted a brief in support of his motions or numbered proposed findings of fact setting out the basis for his requests. Moreover, I cannot entertain his request for injunctive relief without knowing which claims will remain in this lawsuit. Accordingly, I will deny his motions without prejudice to him refiling a motion that complies with the court's procedures. I will send him another copy of those procedures. Also, because plaintiff did not number his many exhibits, it is very difficult to see how plaintiff would be able to cite these documents in his future briefing, so I will return those documents to him, to be refiled with a future motion.

3

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Talley's amended complaint, Dkt. 10, is DISMISSED under Federal Rule of Civil Procedure 20.

2. Plaintiff may have until October 6, 2015, to identify for the court which claims he wishes to pursue under this case number, and whether he wishes to pursue his other set of claims in a new lawsuit.

3. Plaintiff's motions for preliminary injunctive relief, Dkt. 1, 6, are DENIED without prejudice.

Entered September 15, 2015.

                                                BY THE COURT:

                                                /s/
                                                _____
                                                JAMES D. PETERSON
                                                District Judge