IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY TALLEY,

           Plaintiff,

v.                                                              OPINION and ORDER

KARL HOFFMAN, DALIA SULIENE,                  14-cv-783-jdp
and CATHY A. JESS,

           Defendants.

---

      Plaintiff Timothy Talley, appearing pro se, is an inmate at Oshkosh Correctional Institution. Talley alleges that when he was at Columbia Correctional Institution, prison staff disregarded his severe pain caused by back problems and a failed spinal fusion surgery. He brings claims under the Eighth Amendment and the Rehabilitation Act. I granted in part and denied in part defendants' motion for summary judgment, leaving a handful of claims for trial. Dkt. 71.[1] I stayed the proceedings to recruit counsel for Talley at trial. *Id.*

      Talley had a second lawsuit in this court, No. 17-cv-670-jdp, about prison medication-distribution procedures. The state filed a motion to stay the '670 case to pursue mediation in both of Talley's cases; I granted that motion and attempted to locate counsel to represent Talley in mediation for both cases. Dkt. 35 in the '670 case. But those efforts were unsuccessful. The court granted Talley's motion to participate in mediation pro se, Dkt. 81, but not before the parties settled the '670 case and entered a stipulation of dismissal. Dkt. 42 in the '670 case.

---

[1] Unless otherwise noted, all docket citations are to case No. 14-cv-783-jdp.

Following the settlement of the '670 case, Talley filed documents addressed to opposing counsel and the court asking to confer about settling the '783 case or to conduct mediation in that case. Dkt. 80; Dkt. 82; Dkt. 85. He asks the court to set a new schedule to resolve the case. Dkt. 85.

In response, defendants have filed a motion to dismiss the '783 case based on the language of the settlement agreement they entered into with Talley for the '670 case. Dkt. 86. They attach a copy of that agreement to their motion. Dkt. 87-1. The agreement states that in return for a settlement amount of $1,850, Talley agreed to dismiss the '670 case and release the state from claims. The "release of claims" section of the agreement states as follows:

> In exchange for the consideration listed above, Plaintiff releases and forever discharges the State, the DOC, and their officers, agents, employees, successors, personal representatives, and insurers (the "Released Parties") from any and all manner of action or actions (including cause or causes of action, suits, debts, covenants, agreements, liabilities, rights, damages, costs, claims of interest, awards of attorney fees, claims and demands of every kind and nature whatsoever, in law or equity, whether based on State or Federal law), that relate to any action or inaction—of any State of Wisconsin or DOC employee—that took place on any date before this Agreement is fully executed.

*Id.* at 1.

The agreement contains a similar covenant not to sue, as well as a "reservation of rights" section stating that Talley "reserves any and all rights he may have to challenge any future acts of any Department of Corrections or other State employee." *Id.* at 2.

Talley responded by filing a document he calls both a brief in opposition and a motion to strike defendants' motion to dismiss as "a scandalous matter, and a false misrepresentation of facts with the intent to defraud." Dkt. 88. Talley says that in settling the '670 case he agreed only to dismiss that case and not the '783 case along with it, and that counsel misleads the

court by representing that Talley intended to dismiss the '783 case. Defendants did not respond to this filing.

I'll grant Talley's motion to proceed with the case, but in doing so I note that he will have to proceed without the assistance of counsel. While the case has been stayed, the court has contacted members of the Western District of Wisconsin Bar Association, members of the Seventh Circuit Bar Association, and some of the largest law firms practicing in this court who have agreed to regularly take on representation of pro se parties like Talley. Unfortunately, no lawyer has agreed to take the case and the court has exhausted its options.

Talley has already provided his own response to defendants' motion to dismiss, so I'll consider whether the settlement agreement in the '670 case bars Talley's claims in the '783 case. I construe the settlement agreement under Wisconsin contract law. *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000); *see also United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1219 (7th Cir. 1990) ("In Wisconsin, courts are to construe settlement agreements and other forms of releases as contracts."). In Wisconsin, settlement agreements must be read to "give effect to the parties' intent, as expressed in the contractual language." *Setzinger v. Cmty. Health Network*, 2004 WI 28, ¶ 22, 270 Wis. 2d 1, 676 N.W.2d 426. "When the language of a contract is unambiguous, [a court will] apply its literal meaning." *Wisconsin Label Corp. v. Northbrook Prop. & Cas. Ins. Co.*, 2000 WI 26, ¶ 23, 233 Wis. 2d 314, 607 N.W.2d 276.

The settlement agreement here is unambiguous: the release-of-claim section states that Talley has released "any and all matter of action . . . that relate to any action or inaction—of any State of Wisconsin or DOC employee—that took place on any date before this Agreement is fully executed." Dkt. 87-1, at 1. And the reservation-of-rights section states only that Talley

reserved the right to challenge *future* acts of DOC or state employees. *Id.* at 2. Nothing in the settlement agreement suggests that Talley would still be allowed to pursue the '783 case.

But Talley says that opposing counsel misled him into thinking that the release covered only actions or inactions related to the '670 case. Talley doesn't present specific facts supporting this contention. But it is not obvious from the parties' behavior following signing of the settlement agreement that either side believed the '783 case should have been closed. The state didn't immediately move to dismiss the '783 case along with the '670 case, instead filing its motion to dismiss more than seven months after the settlement agreement was signed. Meanwhile, Talley resumed making submissions in the '783 case within a month of the '670 case being closed.

"A material misrepresentation of fact may render a contract void or voidable," and parties may submit extrinsic evidence in support of such a claim. *See Bank of Sun Prairie v. Esser*, 155 Wis. 2d 724, 456 N.W.2d 585, 588 (1990); *see also Batt v. Sweeney*, 2002 WI App 119, ¶ 9, 254 Wis. 2d 721, 647 N.W.2d 868 ("Evidence of any fraud is sufficient to impeach a settlement."). A motion to dismiss isn't the proper vehicle to determine the misrepresentation issue. I'll convert defendants' motion into a summary judgment motion and have the parties re-brief it, submitting declarations or other evidence explaining the circumstances leading to the parties' settlement agreement and the parties' actions regarding the '783 case following settlement. The parties need not file formal proposed findings of fact as usually required under this court's summary judgment procedures. I'll review the declarations or other evidence directly.

4

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Talley's motion to proceed with the case, Dkt. 85, is GRANTED.

2. Defendants' motion to dismiss the case, Dkt. 86, is converted to a motion for summary judgment. Defendants may have until March 25, 2021, to file their materials in support. Plaintiff may have until April 15, 2021, to file a response. Defendants may have until April 26, 2021, to file a reply.

Entered March 4, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge